Please be seated. We're having an argument in our third case, United States v. Merchant, number 163465. Mr. Gordon, whenever you're ready. Good morning. May it please the Court. Perhaps for the last time, I'm going to have to say the words, residual clause, and maybe this will be one of the last times that this Court has to deal with. But I think since the writing of the brief where Beckles had come out and had said that the residual clause in the guidelines was not void for vagueness, this Court has subsequently issued its opinion in Thompson that I think Judge Machu Berry methodically laid out sort of what the test is for deciding whether or not a crime qualifies as a crime of violence under the residual clause. And as I understand, Thompson, what that case turned on was a survey of North Carolina cases involving assault inflicting serious bodily injury. And the Court concluded that there had been no showing that there were cases where the crime could be committed with anything less than actual intent. I can't come before the Court and say I have a myriad of cases or a mountain of cases showing that. But there are a couple unpublished decisions that I think demonstrate that the crime of assault with a deadly weapon on a government official can be committed with culpable negligence. There are opinions that say that. One of them is the Spellman case that is cited in the brief. And another that is not cited that, quite honestly, I found two days ago was State v. Padgett, which is unpublished, 2011, North Carolina at Lexis, 1388. And that is a very hard case to understand factually. But it appears from reading the factual section that the defendant in that case hit one police car, a detective's car, and perhaps backed into another detective's car. Without really much of an analysis, the Court of Appeals did say that this particular crime can be committed with culpable negligence. Could I ask, the government believes that Voisin abrogates Vinson and Garcia. Could you speak to that? Well, I think Judge Floyd very capably dealt with that in the Middleton opinion that was joined by Judge Harris. I would almost argue with two judges in that opinion that that perhaps qualifies as the opinion of the court. Now, arguably, maybe it's sticked up. I don't know. But you have two judges of this court in there sort of rejecting the whole argument that the government makes in these kinds of cases. That Voisin sort of dictates the result. And I just don't think the government can show that. Well, here, doesn't it make a difference that here the issue isn't whether the firearm was deployed intentionally, but whether the commission of the assault had the requisite men's right? Right. Well, the assault in this case, Judge Duncan, involved hitting police cars. These cases sort of break down into different kinds, and there are several different kinds involving the police. And, in fact, I was going to say that the culpable negligence idea sort of dovetails into what Mr. Merchant said at the sentencing hearing. He said, they accused me of hitting a cop with a car, which I had a lawyer at the time trying to prove that no one was hit or injured, which there wasn't. I accidentally hit a cop car, and I guess that's what they charged me for in the assault. So that's what we've got going on in this particular case. Can I ask you just sort of to back up a little bit? Sure. I thought after Thompson it was also clear, maybe I'm wrong about this, that under the residual clause, it doesn't really matter if an offense can be committed with culpable negligence. We have to ask whether ordinarily or in the typical case. And I guess I'm not really – I think that was your introduction. That was my introduction, as clumsy as it may have been. So where are we on that? Well, as I said, I can't come before the court with a mountain of cases saying, I have all these cases where it was culpable negligence. I think to be quite candid with the court, in most of them you could find what the Thompson court found, which is there was actual intent. And I just have another question, and this is related to the very first thing you said about maybe this is the very last time we'll talk about the residual clause. I mean, this case does seem to have taken place at this weird moment after Johnson. Nobody really knows whether Johnson applies to the sentencing guidelines as well as the ACCA. And the only holding I see the court reaching in the district court is it falls out. Overruling the objection on Johnson grounds, you know, the residual clause is still valid. That's correct. Period. So why are we talking about anything else? Then Beckles comes down, turns out the court was right. I mean, isn't this kind of an open and shut case? Well, I'm up here at your invitation. I know, I know, I know. I'm asking you to help me figure out whether we have to do anything but just affirm. The district court was right. The residual clause is still valid after Johnson in the sentencing guidelines. Everybody go home. Well, I think Thompson requires you, I would argue, requires you to do a little bit more than that. Thompson requires you to do more to find that it is covered by the residual clause. But what I'm asking you is did anybody argue below and did the district court rule on below whether or not this offense is covered by the residual clause? And that wouldn't be anyone's fault if it wasn't argued or ruled on below, because this case came up in this narrow window where the big question was, is there even a residual clause? And that's what everyone was arguing about, and that's what the district court ruled on. And I just don't see anyone really arguing below or addressing below whether this offense, if there is a residual clause, whether this offense is covered by it. I think, yes. I understand, Judge Harrison. I think, honestly, everybody, at least on the defense side, expected that Beckles would hold the residual clause. I totally understand why nobody would have been arguing that. And, yes, you can read the record as well as I can, if not better. Judge Boyle did come back and say, and did cite Johnson and say it's still the law. It's the only thing we have to review. Well, if that is the way the court is going to read the residual clause, yes. I'm just asking. Then I'm wasting your time. I don't want to waste your time. I'm sorry. I'm just wondering what. But as I read Thompson, Judge Harris, I think it requires you to do a little more than that in the analysis. And that is to look at. If you think if you had a raft of cases here, what would that be? What would be the result? Well, I think using the Thompson analysis of the degree of risk, similar in kind, particularly similar in kind in the ordinary case, you could say it does not involve the kind of purposeful, violent, and aggressive conduct that. In other words, you would take the position that we take the law as it exists at the time of the appeal. Is that what you're saying? In other words, we're hypothesizing a world which has facts that are not in this case. But if you had a raft of cases. Well, and let me say, you can commit assault. And what distinguishes this from the assault inflicting serious bodily injury element-wise is you can have an assault under North Carolina law without inflicting any physical injury. But, yes, I would be up here arguing on the basis of the Thompson case that if it doesn't fit what Thompson said in the ordinary case, that, yes, a mismergent would be entitled to prevail. And I would still urge the Court that there is enough difference in this. Even though the district court was correct, as it turns out, that there still is residual loss. The district court was correct and the government was correct. But the law as it now stands says you have to demonstrate this and there's not sufficient basis for the application of the residual clause here. Is that what you're saying? Well, I would say I would ask the Court to look. I think what I can do is ask the Court to look at the difference between assault with a deadly weapon on a government official versus assault inflicting serious bodily injury and saying there is enough of a difference that it does not qualify for the residual clause. I think more than that I can't, quite candidly, can't do. You can't do it on the facts you have here. Yes, ma'am. If the Court has no further questions, I've reserved some time. No, I appreciate your argument. Thank you. Why would we go beyond A, just saying the district court was correct that the residual clause lives, and B, under what's the name of my case? Thompson. I don't believe the Court needs to go beyond and I don't believe that the Court ought to go beyond making those two holdings in this case. This case did come up at a very unique time and my colleague, Mr. Gordon, didn't have the benefit of either Beckles or Thompson when drafting this brief. After Beckles, we know that the district court was correct. The residual clause in the guidelines as it existed at the time of this sentence continues to be good law. After Thompson, we now know that you look at the ordinary case when determining both the degree of risk and the similarity of risk. With respect to the degree of risk, you have to look at whether there is an immediate, serious, and foreseeable risk that arises concurrently with the commission of the crime itself. I would look to this Court's decision in Carthorne to reach the conclusion, absolutely yes. In Carthorne, this Court considered the Virginia offense of assault and battery on a police officer. Material to the Court's determination that that crime did not fit under the residual clause was the fact that it didn't have something that indicated an elevated and serious risk. Under Virginia law, any offensive touching of a police officer would qualify. And the Court found that that simply wasn't enough. The conduct penalized under the Virginia Code was not restricted in such a way that signaled this risk. And then the Court went on to say, as would be the case by adding the element of the use of a dangerous instrumentality. That's exactly what we have here. It's what you have under 1432-4. Absolutely. So we think that the conclusion that the degree of risk is similar is just the logical extension of what this Court ruled in Thompson. Now when we turn to the similar in kind of risk, which is the Begay type analysis, we have to ask, is the crime in the ordinary case purposeful, violent, and aggressive? And in cases like this, Thompson tells us where the statute itself does not have a mens rea requirement, we have to look to how the Court interpreted and applied its laws. And what the mens rea typically was in those cases. And I surveyed, I read as many of these assault and battery on a police officer cases as I could find. And I did not find a single case where the facts supporting the conviction sounded in terms of culpable negligence. And I think that's largely because you have a defendant who is availing himself of a dangerous instrumentality against a known police officer victim. And Mr. Gould is correct, a lot of these cases come up where you have firearms discharged, you have blades used, and you have vehicles either crashing into police cars or attempting to run over police on the street, or situations where a police officer is trying to effectuate a traffic stop and is attempting to stop the vehicle, and then is deliberately dragged from the car. All of those cases, unquestionably, are purposeful, violent, and aggressive. Do you have to know, I was looking at the elements of the offense, do you have to know as a police officer? Yes, the court, yes, Joyner, I'm sorry, Page and Avery are two North Carolina Supreme Court cases that say you must know or have reason to know the victim's status. They make very clear that knowledge is an element of this offense. Knowledge as an officer or employee of the state is an essential element of the offense. Absolutely. And also, the law requires, Even though the statute doesn't say. That's correct. The North Carolina Supreme Court has interpreted the statute to say that, and therefore this court is bound by the state's interpretation of its own statute. So, after Beckles and Thompson, I think this is a much easier case than when it was initially briefed. I think that this court should, similar to Thompson, simply make its decision based on the residual clause. That was the ground that the district court relied on, and that ground remains good. I would say that I think Voisin and the use of force issue, it's an important issue, and it's one that I respectfully submit that this court has not squarely decided in a published opinion. Not for lack of urging. Not for lack of urging, but I will say that this particular case, to me, would not be the ideal vehicle to do that. The opening brief doesn't speak at all about Voisin. The briefings haven't grappled with the various circuit court decisions that have reached differing opinions, and I would hope that when the court does choose to reach that issue, it's something that has been vetted both by the district court and by the litigants on appeal. And if there are no further questions, I would ask that you affirm the judgment of the district court. Do you have any rebuttals? Only to say that Beckles actually had been decided at the time that I drafted the opening brief. But not at sentencing. Correct. Ms. Fritz is correct about that, not at sentencing. And I would submit there are a couple of, at least one North Carolina case, the Spellman case, where arguably that is a case about dragging the police officer, trying to reach into the car to stop the car. That they did not deal with the, to my recollection, the intent issue, and that that could have been another culpable negligence case as I read it. So I've got, I would argue Spellman and Padgett are two cases discussing culpable negligence. So if there are no other questions, I'll say I look forward to coming back with Ms. Fritz to litigate the pausing issue. Thank you. Thank you. We'll ask our clerk to adjourn court and then we'll come back and see a load of lawyers. This honorable court stands adjourned. Sin Dai. God save the United States and this honorable court.
judges: Diana Gribbon Motz, Allyson K. Duncan, Pamela A. Harris